UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEN BILLS,<br><br>                Plaintiff,<br><br>     v.<br><br>THE FARM BASEBALL<br>PERFORMANCE INSTITUTE, d/b/a<br>MINUTEMEN BASEBALL LLC<br>MICHAEL FREIRE, and<br>SARA FREIRE<br><br>                Defendants | CIVIL ACTION NO. _____<br><br>JUDGE: _____ |

## **VERIFIED COMPLAINT AND JURY DEMAND**

### **Preliminary Statement**

Plaintiff Ben Bills was employed by the The Farm Baseball Performance Institute, d/b/a Minutemen Baseball LLC ("Minutemen") from approximately September 1, 2022 to July 12, 2023. Defendants repeatedly underpaid Mr. Bills and paid his wages late, and at the end of his employment, they failed to pay the final wages to which he was entitled. Mr. Bills brings this action against Defendants for their violations under the Massachusetts Wage Act, and he seeks, among other forms of relief, statutory trebling of damages, interest, and attorneys' fees and costs as provided for by the law.

### **Parties**

1. Plaintiff Ben Bills ("Mr. Bills" or "Plaintiff") is a resident and citizen of New Jersey.

2. Defendant The Farm Baseball Performance Institute, d/b/a Minutemen Baseball LLC ("Minutemen") is a domestic LLC organized under the laws of Massachusetts, which provides

baseball instruction and related services to children and teenagers and, at all relevant times, had a principal place of business at 108A/110 Clematis Avenue, Waltham, Massachusetts.

3. Upon information and belief, Defendant Michael Freire is a resident of Sudbury, Massachusetts and was, at all relevant times, the owner, director, and manager of Minutemen.

4. Upon information and belief, Defendant Sara Freire is a resident of Sudbury, Massachusetts and was, at all relevant times, the Director of Human Resources and Administration of Minutemen, and in that capacity, had a management role at Minutemen, including but not limited to oversight over payment of employees' wages.

## Jurisdiction and Venue

5. This action arises under the Massachusetts Wage Act, G.L. c. 149 §§ 148, 150 and related common law.

6. Plaintiff filed a complaint with the Attorney General's Office regarding the Defendants' Wage Act violations, and received a Private right of Action letter.

7. This Court has original jurisdiction over all claims asserted in this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the amount in question exceeds $75,000.00.

8. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4 and under M.G.L. c. 223A, §§ 1-3 because Defendants reside in the Commonwealth of Massachusetts, Defendants purposefully availed themselves of the privilege of doing business in Massachusetts by regularly soliciting business and/or deriving substantial revenue in Massachusetts, employing Plaintiff for work, and failing to pay him properly in Massachusetts.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

I.     **Mr. Bills' Employment with Minutemen**

1. In June, 2022, Mr. Bills was hired by Minutemen as the Director of Operations, and Minutemen drafted an employment contract ("Contract") for him.

2. The Contract stated that Mr. Bills' position would be a full-time position which was "exempt for the purposes of the wage and hour laws."

3. The Contract promised compensation at a base salary of $62,500, to be paid at a rate of "2,403.85 semi-monthly … in accordance with the Company's standard payroll schedule."

4. Under the Contract, Mr. Bills was also entitled to additional compensation on a commission-based basis: 50% of any net revenue collected by Minutemen for any off-season pitching programs; 30% of any net revenue collected by Minutemen for any private and small group lessons; and 10% of any of the profits attributable to the sale of Minutemen Baseball apparel.

5. Mr. Bills signed the Contract on June 15, 2022, and started work for Minutemen on or around September 1, 2022.

6. As Director of Operations, Mr. Bills' duties and responsibilities included: scheduling baseball games for the Minutemen players, scheduling practices, making hiring and firing decisions for Minutemen staff, creating lesson plans, learning about and informing Michael Freire and Sara Freire about tournaments for the Minutemen baseball teams, and generating other sources of revenue for Minutemen.

7. Although coaching the Minutemen baseball teams was not part of his duties and responsibilities as Director of Operations, Minutemen was short-staffed and Mr. Bills started coaching two of the teams.

8. Mr. Bills resigned from Minutemen on July 12, 2023, due to the issues described below.

II.    **Minutemen's Failures to Pay Full Wages**

9. Mr. Bills first full pay period was September 8 to September 21, 2022. Instead of being paid $2403.85 per pay period, as specified by the Contract, Mr. Bills was underpaid, receiving only $2308.00 for this pay period.

10. In fact, Mr. Bills was underpaid in the amount of $2308.00 (instead of $2403.85) per pay period for more than six (6) months (fourteen (14) pay periods, from September 8 through March 22, 2022) ("Underpaid Period"). That is, for each of these pay periods, Minutemen underpaid Mr. Bills by $95.85.

11. In total for the Underpaid Period, Mr. Bills was underpaid in the amount of $1,342.00 ("Underpayment Amount").

12. After communications between Mr. Bills, Michael Freire and Sara Freire, Minutemen eventually paid Mr. Bills the Underpayment Amount (over four pay periods from May 8 to July 3, 2023).

13. Because Mr. Bills did not receive his full wages on time for the Underpaid Period, those wages constitute <u>late wages</u> under the Massachusetts Wage Act, G.L. c. 149 §§ 148, 150.

14. Mr. Bills is entitled to double damages for every wage that was late during the Underpaid Period ($2403.85 x 2 x 14 pay periods = $67,307.80).

### III. Minutemen's Additional Late Wage Payment

15. Minutemen also paid late wages to Mr. Bills after the Underpaid Period.

16. For the pay period April 6 to April 19, 2023, Mr. Bills was paid more than six days late, on April 28, 2023.

17. For the pay period June 1 to June 14, 2023, Mr. Bills was paid more than six days late, on June 29, 2023.

18. Mr. Bills alerted both Michael Freire and Sara Freire that his wages were late.

19. For these two pay periods (the "Late Pay Periods"), Mr. Bills is entitled to double damages ($2403.85 x 2 x 2 pay periods = $9,615.40).

### IV. Minutemen's Failure to Pay Final Wages

20. Mr. Bills' last day of work was July 12, 2023.

21. Mr. Bills was not paid at all for his final pay period (June 29 to July 12, 2023).

22. Mr. Bills is entitled to triple damages for Minutemen's failure to pay his final paycheck ($2403.85 x 3 = $7,211.55).

**COUNT 1 – ALL DEFENDANTS**
Violation of Massachusetts Wage Act – G.L. c. 149, §§ 148, 150

23. Plaintiff incorporates and realleges all the allegations stated in the previous paragraphs as if fully stated herein.

24. In violation of G.L. G.L. c. 149, §§ 148, Defendants repeatedly did not pay Plaintiff his earned salary on time, as required by law.

25. Michael Freire and Sara Freire are liable for the failure to pay wages as officers and/or agents of Minutemen with management thereof, pursuant to G.L. c. 149, § 148.

26. Plaintiff has suffered damages including lost wages and other benefits as a result of Defendants' violations.

WHEREFORE, Plaintiff requests that this Court:

1. Enter judgment for Plaintiff and against Defendants;

2. Award damages to Plaintiff in amounts to be determined by the Court, including double and treble damages where appropriate as provided by G.L. c. 149, § 150;

3. Award interest, costs, and attorneys' fees to Plaintiff; and

4. Award such other relief as this court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

                                        Respectfully submitted,
                                        **BEN BILLS**
                                        By his attorney,

                                        */s/ Laura Greenberg-Chao*
                                        Laura Greenberg-Chao, BBO # 650916
                                            lgreenbergchao@henshon.com
                                        HENSHON KLEIN LLP
                                        120 Water Street, 2nd Floor
                                        Boston, Massachusetts  02109
                                        Tel. (617) 367-1800

Dated:  November 10, 2023

## VERIFICATION

I, Ben Bills, having personal knowledge of the facts in the above-captioned case, and based on the records I reviewed in connection with this case, do hereby state that the facts contained in this Verified Complaint are true.

Signed under the penalties of perjury on November 11, 2023

/s/ Ben Bills
Ben Bills